UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 20 2021

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| STEPHEN J. DICKERSON, ASHLEY ROBINSON, and NAILA JACKSON, et al | § § § § § § | CIVIL ACTION NO. |
| PLAINTIFFS | | |
| V. | § | JURY |
| THE STATE OF TEXAS, GREGORY WAYNE ABBOTT, and THE TEXAS WORKFORCE COMMISSION, | § § § § § § | DEMANDED |
| DEFENDANTS | | |

# COMPLAINT

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

This suit is brought by Plaintiffs, Stephen J. Dickerson, Ashley Robinson and Naila Jackson, individually and on behalf of all other S. similarly situated citizens who, after May 17, 2021, will lose their workers compensation benefits as a result of the acts of the Defendants, State of Texas, Governor Gregory Wayne Abbott and the Texas Workforce Commission in denying all of them Due Process of Law, for the following reasons:

## I.

## **INTRODUCTION**

1. The Magna Carta Libertatum, commonly known as The Magna Carta, was a Royal Charter of rights agreed to by King John of England at Runnymead, near Windsor, on June 15, 1215.

2. The United States Declaration of Independence is a pronouncement adopted by the Second Continental Congress meeting in Philadelphia, Pennsylvania, on July 4, 1776.

3. The Bill of Rights are Amendments to the United States Constitution, which were ratified in 1791, and guarantee rights that the States must respect, that are owed to its citizens and protect citizens from when government harms them, without following the exact course of the law.

4. The Fourteenth Amendment to the United States Constitution guarantees the equal protection of the laws to the privileged and immunities of all citizens, and due process of the laws and was ratified July 9, 1868.

5. The Fifth Amendment to the United States Constitution was ratified in 1791

6. Plaintiffs will show that when Defendant Abbot wrote the letter of May 17, 2021, to the Secretary of Labor of the United States, purporting to terminate Texas' participation in the Agreement Implementing the Relief for Affected by Coronavirus Act, effective June 26, 2021, he acted in an ultra vires manner and without providing the citizens receiving benefits under The Act

with Due Process of law, in violation of the Fifth and Fourteenth Amendment to the U.S. Constitution as well as Article I, Section 19 of the Texas Constitution.

## II.

## **PARTIES**

7.

(A)     Plaintiff, Stephen J. Dickerson

Is a citizen of the United States of America and of the State of Texas and lives on that part of Harris County, Texas that is in the Southern District of Texas, Houston Division.

(B)     Plaintiff, Ashley Robinson

Is a citizen of the United States of America and of the State of Texas and lives on that part of Harris County, Texas that is in the Southern District of Texas, Houston Division.

(C)     Plaintiff, Naila Jackson

Is a citizen of the United States of America and of the State of Texas and lives on that part of Harris County, Texas that is in the Southern District of Texas, Houston Division.

8.     (A)     Defendant, the State of Texas is a state in the United States of America and subject to the laws of the United States of America.

(B)     Defendant, Gregory Wayne Abbott is the duly elected Governor of the great State of Texas, a homeowner and resident of Harris County, Texas who maintains a temporary residence in Travis County, Texas.

(C     The Texas Workforce Commission is a creature of the statutes and law of the great State of Texas and is headquartered in Austin, Travis County, Texas with offices throughout the state.

## III.

## JURISDICTION, VENUE AND WAIVER OF IMMUNITY

9. This Court has federal-question jurisdiction over Plaintiffs' alleged violations laws (Title VII, 42 U.S.C. §§ 1981, 1983) pursuant to 28 U.S.C. § 1331. It has jurisdiction over Plaintiffs' state-law based claims arising from the same operative facts as Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1367. Moreover, federal jurisdiction is appropriate over Plaintiffs' class allegations pursuant to the Class Action Fairness Act. See 28 U.S.C. § 1332(d).

10. The conduct complained of in this suit concerns a general policy of conscious race discrimination, retaliation, harassment and disparate treatment of Plaintiffs in violation of 42 U.S.C. § 1983 which provides a cause of action and waiver of immunity. Such conduct deprives the Defendant Abbott of official immunity since the conduct was deliberate, willful and clearly unlawful at the time. Title VII also creates a cause of action and provides a waiver of immunity. Title VI of the 1964 Civil Rights Act, amended in 1991 also creates a cause of action and provides a waiver of immunity.

## IV.

## BACKGROUND

11. Plaintiffs are the victims of the delegation of non-delegable duties by the legislature of the Great State of Texas in that it delegated it's singular authority $ to make policy for The State to Defendant Abbott, and, through him, to the defendant Texas Workforce Commission.

12. Upon History and Information and Belief, Texas, in adopting The Texas Constitution of 1876, devised??? and opted to construct a weak-Governor Executive Branch of government.

13. The Texas Constitution in Article 1, Section 28 that no power of suspending laws in this state shall be exercised except by the legislature.

14. The Legislature never gave the Governor the authority in making executive orders, or directly override local elected officials during a disaster and veto their decisions, much less suspend their power.

15. The provision of the Texas Disaster Act the Governor relies upon to suspend law during a declared disaster may only be invoked if strict compliance with procedural laws would impede disaster response efforts.

16. Article 2, Section 1 of the Texas Constitution provides that the powers of the Government of The State of Texas shall be divided into three distinct departments, each of which shall be confined to a separated body of magistracy, to wit: those which are legislative to one; those which are executive to another, and those which are Judicial to another; and no person, or collection of persons, being one of those departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

## V.

## **THE CLASS**

17. Plaintiffs bring this action under Rule 23 of The Federal Rules of Civil Procedure as representatives of all parties because:

    (1)    the class is so numerous that joinder of all members is in impracticable;

    (2)    these are questions of law or fact common to the class;

    (3)    the claims or defenses of the Defendants are typical; and,

    (4)    the representative Plaintiffs will fairly and adequately protect the interests of the class.

## VI.

## ATTORNEY'S FEES

18. Defendants' actions and conduct as described herein and resulting damages and losses to Plaintiffs has necessitated Plaintiffs retaining the services of lawyers and law firms to investigate, initiate and prosecute the claims in this lawsuit. Plaintiffs seek recovery of reasonable and necessary attorney's fees under 42 U.S.C. § 1988, and any other applicable law or statute, as well as expenses, court costs, and expert witness fess.

## PRAYER AND DAMAGES

As a direct and proximate result of the Defendants' collective conduct, Plaintiffs seek judgment against all Defendants for damages suffered in the following particulars:

- Lost benefits from the workers compensation fund in the past, present, and future;
- Lost health insurance and related benefits in the pass and future;
- Emotional suffering in the past and future;
- Stigma damages;
- Mental anguish damages;
- Punitive damages;
- Attorney's fees, cost and expenses;
- All equitable, injunctive, and declarative relief to the extent allowed by alw or in equity to which Plaintiffs and the Plaintiffs class may show themselves justly entitlted:
    o Plaintiffs also seek certification of a class as identified above, or as the evidence may support;
    o Plaintiffs assert their compensatory damages are a sum in excess of $5.00, and punitive damages should exceed $10.00.

Respectfully submitted,

_____
The Craig Washington Law Firm
State Bar No. 20901000
washlawfirm@aol.com
P.O. Box 306
Bastrop, Texas 78602
Phone: (713) 385-9060

ATTORNEYS FOR PLAINTIFFS