|   |   |   |
|---|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS | |

United States District Court
Southern District of Texas
**ENTERED**
September 15, 2021
Nathan Ochsner, Clerk

Stephen Dickerson, *et al.*, §
§
Plaintiffs, §
§
*versus* § Civil Action H-21-2729
§
The State of Texas, *et al.*, §
§
Defendants. §

## Opinion on Dismissal

1. *Background.*

   Stephen Dickerson, Ashley Robinson, and Naila Jackson are unemployed people living in Harris County, Texas.

   In early 2020, the COVID-19 virus began rapidly spreading across the country. The federal government declared COVID-19 a national emergency in March. Over the next few months, the unemployment rate rose drastically as businesses were forced to furlough their workers in response to the economic consequences of illnesses and quarantines.

   On March 27, 2020, the United States Congress passed the Coronavirus Aid, Relief, and Economic Security Act – which created many temporary programs to mitigate the effects of the pandemic.[1] The Pandemic Unemployment Assistance program expanded unemployment benefits for up to 39 weeks.[2] Also, the Federal Pandemic Unemployment Compensation program allowed for an

---

[1] 42 U.S.C. § 801.

[2] 15 U.S.C. § 9021.

additional $600 per week for those already receiving unemployment benefits.[3] Third, the Pandemic Emergency Unemployment Compensation program gave an extra 13 weeks of benefits for those who had exhausted their state benefits.[4]

On December 27, 2020, Congress passed the Consolidated Appropriations Act which extended parts of the CARES Act – including $300 per week of additional benefits under the FPUC program.

On March 11, 2021, Congress passed the American Rescue Plan Act to further combat the continuing economic damage caused by the pandemic – including funding its unemployment programs through September 4, 2021. These funds must be given through agreements between the states and the Secretary of the Department of Labor.[5] Each state can individually decide to terminate its involvement in the federal programs by giving 30-days written notice to the Secretary.[6]

As the federal law allows, on May 17, 2021, Governor Gregory Abbott sent a letter to the Secretary to inform him that Texas no longer desired to participate in the federal unemployment programs, effective June 26.

The Texas Workforce Commission is responsible for administering the State's unemployment compensation program.

On August 20, 2021, Dickerson, Robinson, and Jackson sued the State of Texas, Governor Abbott, the Texas Workforce Commission, and the Commission's Executive Director Ed Serna under 42 U.S.C. § 1983 for: (a) violating the separation of powers, and (b) violating their procedural due process rights. The defendants have moved to dismiss for failure to state a claim. They will prevail.

---

[3] 15 U.S.C. § 9023.

[4] 15 U.S.C. § 9025.

[5] 15 U.S.C. § 9021(b).

[6] 15 U.S.C. § 9023(a).

2. *Sovereign Immunity.*

Sovereign immunity bars claims in federal court against the state and its agencies by parties other than the federal government or another state.[7] Texas has not voluntarily waived its sovereign immunity for claims under section 1983.[8] As they are barred by sovereign immunity, the plaintiffs' claims against Texas and the Texas Workforce Commission will be dismissed.

3. *Separation of Powers.*

To state a claim under section 1983, the plaintiffs must have adequately pleaded facts of: (a) a violation of their rights secured by the Constitution or federal law; and (b) a person acting under the color of law caused that violation.[9]

The plaintiffs appear to make a separation of powers argument while also making a closely related federalism argument under the commandeering doctrine.

The plaintiffs say that – under the Texas Constitution – only the state's legislature can suspend state laws.[10] They insist that the Texas legislature did not delegate authority to Governor Abbott to make policy for the state. They argue that his sole authority to intervene in state unemployment benefits is to suspend the statutory waiting period during a national disaster[11] – which cannot be expanded during an emergency. The plaintiffs say that Abbott violated the separation of powers by terminating the federal unemployment benefits without legislative approval or action.

Principles of the separation of powers were not violated. The Texas Constitution expressly authorizes Governor Abbott to conduct "all intercourse and business of the State with other States and with the United States."[12]

---

[7] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

[8] *Texas A&M Univ. Sys. v. Koseoglu*, 223 S.W.3d 835, 839 (Tex. 2007).

[9] *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008).

[10] TEX. CONST. art. 1, § 28.

[11] Texas Labor Code § 207.0212.

[12] TEX. CONST. art. 4, § 10.

Abbott was not creating state policy or law as the plaintiffs contend. The state's unemployment benefits remained untouched. The plaintiff's argument that Abbott has limited express authority to suspend the waiting period applies to state unemployment benefits. No state legislative authority was implicated. Abbott was enforcing federal law – by entering into the agreement, distributing the additional federal funds, and then exiting the agreement. State executives are constantly enforcing federal laws. The plaintiffs give no persuasive legal arguments to suggest this is unconstitutional.

The plaintiffs also loosely argue that Congress cannot "commandeer the limitations of the State of Texas' executive branch" by allowing Abbott to terminate the federal benefits.

The federal government would commandeer the state legislature or executive when it mandates or compels state officers to act.[13] The federal government cannot compel states to implement federal programs nor compel them to enforce federal laws.[14]

This case never involved a mandate or compulsion. Texas – through Abbott – was free to enter and leave its participation in the federal unemployment programs. This is the opposite of a mandate.

The plaintiffs' separation of powers claim against Abbott and Serna will be dismissed.

4.  *Procedural Due Process.*

To state a procedural due process claim, the plaintiffs must have adequately pleaded facts that: (a) they have a liberty or property interest with which Abbott interfered; and (b) the procedures of that deprivation were constitutionally insufficient.[15]

The plaintiffs say that Abbott terminated their federal unemployment benefits without notice or an opportunity to be heard. They claim that they were

---

[13] *Printz v. United States*, 521 U.S. 898, 924 (1997).

[14] *Id.* at 925.

[15] *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

not told about "the reason for the termination of benefits, what were the facts underlying the adverse action, what was the relevant time period, or how to submit supplemental information and evidence with respect to their claims." They argue that this caused them to not receive the benefits they were entitled from June 26 to September 4, 2021, which caused financial hardships.

The plaintiffs overlook a key distinction between past cases and this one. The unemployment benefits here were not removed on an individual basis. The Governor made the discretionary decision to end the federal programs that allowed for additional benefits. This was a generally applicable law that was removed for all Texas citizens. All of the people in these programs were left with the Texas benefits with which they started. The state's baseline unemployment benefits remain intact – those were the protected entitlements. Because the additional benefits could be discretionarily removed, they are not protected nor are they entitlements.[16] It is practically unfeasible to require individual notice and hearing to all who may be eligible.

The plaintiffs' procedural due process claim against Abbott and Serna will be dismissed.

5.  *Conclusion.*

Stephen Dickerson's, Ashley Robinson's, and Naila Jackson's claims against the State of Texas, Gregory Abbott, Ed Serna, and the Texas Workforce Commission will be dismissed.

Signed on September  *15* , 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[16] *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005).